UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

SAUL GUTIERREZ MARTINEZ,

Plaintiff,

vs.

JEROME COUNTY; CORPORAL JOHN "JD" WOOD; DEPUTY AUSTIN DIXON; CORPORAL TREY TREASURE; DETECTIVE ROBERT NICHOLSON; and OFFICERS DOE I-X

Defendants.

Case No. 4:26-cv-00541-BLW

**MEMORANDUM DECISION AND ORDER**

Before the Court is Plaintiff Saul Gutierrez Martinez's Motion to Waive Bond or Set Bond at $0 (Dkt. 1). For the reasons explained below, the Court will waive the bond requirement.

**ANALYSIS**

Mr. Martinez intends to sue Jerome County and four law enforcement officers, Corporal John "JD" Wood, Deputy Austin Dixon, Corporal Trey Treasure, Detective Robert Nicholson. *See Compl.* ¶¶ 3-11, Dkt. 2. He alleges that the officers executed a no-knock, nighttime search warrant at an apartment where

he had fallen asleep after a family birthday party, pulled him from the bottom bunk of a bed onto the floor, struck him repeatedly with the muzzles of their rifles, and forced his arms behind his back to handcuff him while he screamed in pain. *Id*. ¶¶ 18-21, 23, 28-33, 44, 48-50, 57-65, 71-76. He was not a target of the narcotics investigation that brought the officers to the apartment, no weapon or contraband was found where he had been sleeping, and the resisting-and-obstructing charge later filed against him was dismissed at the close of the State's case. *Id*. ¶¶ 24, 78, 94, 99-102. Mr. Martinez intends to pursue federal civil-rights claims under 42 U.S.C. § 1983, as well as two state-law claims for intentional and negligent infliction of emotional distress. He asks the Court to waive the bond otherwise required by Idaho Code § 6-610 or, alternatively, to set that bond at $0.

Under Idaho Code § 6-610(2), a plaintiff who intends to sue a law enforcement officer for actions arising out of the performance of the officer's duties must, as a condition precedent to filing the complaint, post a written undertaking with at least two sufficient sureties in an amount to be fixed by the court. The statute's purpose is twofold: to ensure that the plaintiff diligently pursues the lawsuit, and to serve as a fund for costs, expenses, and attorneys' fees in the event the plaintiff loses. *See* I.C. § 6-610(2). This requirement applies to "all suits against law enforcement officers whether they are brought in tort or as other

civil claims." *Beehler v. Fremont County*, 182 P.3d 713, 718 (Idaho Ct. App. 2008).

The bond requirement does not apply to Mr. Martinez's federal claims brought under 42 U.S.C. § 1983. *See Urrizaga v. Twin Falls Cty.*, 106 Fed.Appx. 546, 549 n. 2 (9th Cir. 2004); *see also Hyde v. Fisher*, 152 P.3d 653, 658 (Idaho Ct. App. 2007) (holding the security requirement of section 6-610 is preempted by federal law). But the bond requirement applies to his state law claims. *Beehler*, 182 P.3d at 718. The Court must therefore determine whether to require a bond and, if so, in what amount.

Mr. Martinez asks the Court to waive the bond requirement entirely or, alternatively, to set the bond at $0. A court may waive costs, fees, and security for indigents if (1) the party requesting a waiver files an affidavit stating that he is indigent and unable to pay the costs, fees, and security associated with his case, and (2) the court finds, after informal inquiry, that the party is indigent for the purpose of prepayment of fees, costs, or security. Idaho Code § 31-3220(2)(a), (b). This statute applies to bonds required under section 6-610. *Clements v. Pocatello Police Dep't*, No. 4:22-CV-00407-DCN, 2023 WL 2354894, at *1 (D. Idaho Mar. 2, 2023).

Here, Mr. Martinez has submitted a declaration describing his income,

expenses, and financial obligations. *Martinez Decl.*, Dkt. 1-1. He works on a farm for Montgomery Cattle Company, LLC, and his hours vary with the work available to him, so his income is neither fixed nor guaranteed and runs between roughly $3,000 and $4,000 in a month. *Id.* ¶¶ 3-4, 10. His recurring monthly expenses total approximately $3,270, made up of $1,000 in rent, $1,000 in family expenses including support for three grandchildren who depend on him financially, $600 for food, $300 for fuel, $200 for a car payment, $120 for automobile insurance, and $50 for a cell phone. *Id.* ¶¶ 5, 7-8. His wife is not employed and has no income. *Id.* ¶ 5. He owns no real property, has no money in a checking account, and owns no material personal property apart from a vehicle that remains subject to an outstanding loan, which is his only debt. *Id.* ¶¶ 6, 9. He also reports significant unpaid medical bills from the September 2 incident and states that he has gone without ongoing care because he cannot afford it. *Id.* ¶¶ 13-14.

The Court finds, for purposes of Idaho Code section 31-3220, that Mr. Martinez is indigent and unable to post the security required by section 6-610. His recurring obligations consume nearly everything he earns in a good month and exceed what he earns in a lean one. He has no savings, no money in the bank, and no unencumbered property he could turn to, and he is the sole source of support for his wife and three grandchildren. On this record, money set aside for a bond would

have to come out of rent, food, or the support of his dependents.

Mr. Martinez's action also principally asserts federal claims under 42 U.S.C. § 1983, with the bond requirement implicated only by his two state-law claims against law enforcement officers. And to the extent those claims are governed by the Idaho Tort Claims Act, an award of attorney fees against him would require clear and convincing evidence that he brought or maintained this action in bad faith. *See* I.C. § 6-918A. The Court has reviewed the state-law claims Mr. Martinez intends to pursue and expresses no opinion at this preliminary stage on their ultimate merits. But nothing in the allegations now before the Court suggests bad faith, and the fund that section 6-610 is meant to secure is correspondingly limited.

Finally, the Court notes that the prospective defendants have neither been served nor entered an appearance in this action. The pending motion is thus brought *ex parte*, and the defendants have not had an opportunity to respond or otherwise set forth their position regarding the need for a bond. But section 6-610 has safeguards in place that will allow the defendants to take exception to the sufficiency of the security at any time during the course of this action. *See* I.C. § 6-610(4).

If, upon such exception, the Court concludes that security is warranted, the Court will require that a bond, in a sufficient amount, be filed by Mr. Martinez

within five days of entry of that order. *See* I.C. § 6-610(7). "If no such bond is filed as required by the order of the court," the state-law claims against the law-enforcement officers will be dismissed. *Id.*

**ORDER**

**IT IS ORDERED that:**

1. Plaintiff's Motion to Waive Bond or Set at $0 (Dkt. 1) is **GRANTED**.
2. The bond requirement of Idaho Code § 6-610 is **WAIVED** as to Plaintiff's state-law claims. See Idaho Code § 31-3220(2).
3. Plaintiff's federal claims under 42 U.S.C. § 1983 are not subject to the bond requirement.

DATED: August 26, 2026

B. Lynn Winmill
U.S. District Court Judge